IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JET MIDWEST INTERNATIONAL CO., LTD., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | 5:2018-cv-06019-FJG |
| | ) | |
| JET MIDWEST GROUP, LLC, *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| ------------------------------------------------------- | ) | |
| | ) | |
| PMC AVIATION 2012-1, LLC | ) | |
| | ) | |
| **Intervenor,** | ) | |
| v. | ) | |
| | ) | |
| JET MIDWEST, INC., *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**SUGGESTIONS IN SUPPORT OF JET MIDWEST GROUP,
LLC'S MOTION UNDER RULE 60 TO VACATE THE JUDGMENT
OR, ALTERNATIVELY, UNDER RULE 59 TO ALTER OR AMEND**

The Court should vacate the Judgment in the Civil Case ("Judgment") entered separately by the Clerk on May 27, 2020 following the Court's May 26. 2020 Trial Order. The Clerk's Judgment appears to have been entered in error, likely by mistake or inadvertence, and therefore should be vacated under Federal Rule of Civil Procedure 60. In particular, the Court's Trial Order and the Clerk's Judgment that followed relate only to certain claims against the Trial Defendants – other claims against other parties remain. But the Court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court made no such express determination here, and thus neither the Trial Order nor the Judgment constitute a "judgment" as defined by the Federal Rules. As such, it appears the Clerk's entry of the Judgment was in error.

Moreover, to the extent the Court did intend to direct final judgment as to the Trial Defendants, or to otherwise create an immediately appealable order, neither the Court's Trial Order nor the Judgment are sufficient to do so. As explained above, the Court did not make a Rule 54(b) certification. The Court has also not made any determination regarding damages or attorneys' fees, did not actually appoint a receiver, and did not certify a controlling question of law under 28 U.S.C. § 1292(b). Thus, if the Court's intent was to enter final judgment as to the Trial Defendants or otherwise create an immediately appealable order, the Judgment should be altered or amended to correct these substantive deficiencies and make any determinations necessary to align the Judgment with the Court's intentions.[1]

## PROCEDURAL BACKGROUND

This multiparty case involves several groups of defendants. To streamline its resolution, the parties agreed to bifurcate claims and parties for separate trials. The Court adopted that agreement and bifurcated from the rest of the case "the claims of Jet Midwest International against Mr. Kraus, Ms. Kraus and JM Inc.[2]" which it said "will be heard at a later date." Feb. 8, 2019 Order. The Court later reaffirmed this ruling. March 6, 2019 Order (Dkt. No. 337).

Some claims against some parties[3] were tried to the Court on November 20–24, 2019. On March 26, 2020, the Court issued its Trial Order following the bench trial. May 26, 2020 Order (Dkt.

---

[1] The Court's Trial Order includes numerous errors and omissions in its factual findings and conclusions of law, and JMG expressly reserves all rights to appeal the merits of those findings and conclusions. JMG also joins in the statements of error contained in the Ohadi/Woolley Defendants' Motion to Alter or Amend the Judgment and Order, and JMG further preserves for appeal all issues raised and preserved in earlier filings, including the award of attorneys' fees against JMG.

[2] Mr. Kraus, Ms. Kraus and JM Inc. are sometimes referred to herein collectively as the "Bifurcated Defendants")

[3] Specifically, those asserted by Jet Midwest International against the following defendants: (1) JMG, (2) F. Paul Ohadi in his capacity as trustee of the F. Paul Ohadi Trust and in his individual capacity, (3) the F. Paul Ohadi Trust, (4) Kenneth Woolley (5) KMB Business Jets and (6) Alta Airlines Holdings, LLC (collectively referred to herein as the "Trial Defendants").

No. 634). In this order, the Court made no findings on the claims against the Bifurcated Defendants and reserved for trial "at a later date." Those claims remain undecided and are not yet set for trial.

Also in the Trial Order, the Court found that "a receiver should be appointed to conduct an orderly liquidation of all such remaining assets, including inventory, and to equitably distribute the sale proceeds" of Jet Midwest Group, LLC ("JMG"). *Id.* at 206, ¶ 318; *see also id.* at 209 (¶ 322) (finding that "a receiver should be appointed to wind down JMG's remaining assets"). But the Court did not actually appoint a receiver; rather, it found that David Tokoph might be a good choice and instructed Plaintiff "to inquire of Mr. Tokoph if he is willing and able to be appointed in this role. If not, the parties may suggest other suitable individuals for the receiver position." *Id.*

The Court concluded its Trial Order as follows: "For all of the reasons stated above, Judgment is hereby entered in favor of plaintiff, Jet Midwest International." *Id.* at 210, ¶ 326. The Trial Order did not fix a damages amount. Nor did it acknowledge the other claims that remained pending against the Bifurcated Defendants or find "no just reason for delay" under Civil Rule 54(b). It did not certify a controlling question of law for interlocutory appeal under 28 U.S.C. § 1292(b).

The following day, May 27, 2020, the Clerk entered a separate "Judgment in the Civil Case" on the docket. (Dkt. No. 635). The Judgment checked a box next to the following sentence: "Decision by Court. This action came before the Court for a Bench Trial. The issues have been determined and a decision has been rendered." It "ORDERED, ADJUDGED AND DECREED" that judgment was entered in favor or Jet Midwest International, Inc. "against the [six] bifurcated defendants [the Trial Defendants]" and "ORDERED that":

- "The Court finds that a receiver should be appointed to conduct an orderly liquidation of all of defendant Jet Midwest Group, LLC's remaining assets, including inventory, and to equitably distribute the sale proceeds."

- "Plaintiff Jet Midwest International shall be awarded their costs and fees from litigating this proceeding."

3

- "Plaintiff Jet Midwest International is hereby released from the $1,000,000.00 cash bond that was posted on April 24, 2019.

Judgment (Dkt. No. 635). The Judgment did not fix a damages amount or actually appoint a receiver. Like the Trial Order, the Judgment did not include any findings under Civil Rule 54(b) or acknowledge the remaining claims against the Bifurcated Defendants.

On May 28, 2020, one day after the Judgment's entry, Jet Midwest International demanded that "Kenneth M. Woolley, F. Paul Ohadi, and the F. Paul Ohadi Trust dtd. December 15, 1999" ("Ohadi/Woolley Defendants") pay the judgment entered against JMG on October 26, 2017 in related action 17-cv-06005-FJG (the "Term Loan Action"). Jet Midwest International has also attempted to use the Judgment in other disputes involving related parties to JMG in a previously closed Arbitration conducted in Hong Kong and otherwise sought to collect on the Judgment as against the Ohadi/Woolley Defendants.

## LEGAL STANDARDS

Federal Rule of Civic Procedure 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Court may do so "on motion or on its own." Subsection (b) likewise permits a court, upon motion, to "relieve a party or its legal representative from a *final* judgment, order, or proceeding" because of, among other things, mistake, inadvertence, surprise, or excusable neglect. (Emphasis added.) Although the "Judgment" entered in this case is not a *final* judgment or order for the reasons discussed herein, Rule 60 authorizes the Court to correct the mistake and vacate or strike the Judgment from the record. Likewise, Rule 59(e) permits the Court to "alter or amend the judgment" upon timely motion.

## ARGUMENT

The Court should vacate the Judgment because the Clerk appears to have entered it by clerical

4

mistake or by a mistake arising from oversight or omission. Under the Federal Rules, "judgment" is defined to include "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The reference to "any order from which an appeal lies . . . embraces two different types of orders. The first is any 'final decision' from which an appeal is permitted under Section 1291 of Title 28 and the second is any appealable interlocutory order. Orders that are not appealable under one of those two categories do not qualify as judgments." 10 Wright & Miller, Federal Practice & Procedure § 2651 (4th ed.). Here, the Court's Trial Order and the clerk's Judgment are not orders "from which an appeal lies."

In particular, neither the Trial Order nor the Judgment is a "final decision" from which an appeal is permitted under § 1291. "A 'final decision is one by which a district court disassociates itself from a case." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 408 (2015). It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs*, 571 U.S. 177, 183 (2014). The Trial Order and Judgment do not do that. Although the Court found in favor of International on the issue of liability, neither the Trial Order nor the Judgment fixed the amount of damages and therefore cannot be a final decision. *See Maristuen v. Nat'l States Ins. Co.*, 57 F.3d 673, 678 (8th Cir. 1995); *accord Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 311 n.3 (4th Cir. 2014) ("In general terms, a decision that fixes the parties' liability but leaves damages unspecified is not final, and the adjudication of liability is not immediately appealable."); *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204 (3d Cir. 2001) (noting that "a judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined").

In addition, because the Court previously bifurcated the claims against the Bifurcated

Defendants and ordered that separate trials be held under Rule 42, a number of claims against the Bifurcated Defendants were not tried in November and remain pending with no trial date set. And because the November trial did not necessarily dispose of the remaining claims, the decision in the November trial remains interlocutory. *Patterson v. City of Omaha*, 779 F.3d 795, 800 (8th Cir. 2015); *Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 48 F.3d 373, 375 (8th Cir. 1995).

Moreover, although interlocutory orders "appointing receivers" are immediately appealable under 28 U.S.C. § 1292(a)(2), the Court has not yet actually appointed a receiver. Rather, it has said that one *should* be appointed, and it directed Jet Midwest International to ask David Tokoph if he would serve. That is not an order appointing a receiver. *See United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 670–71 (7th Cir. 2014) (concluding that an order granting a motion to appoint a receiver and "direct[ing] the government to file a proposed order appointing one" was not an order appointing a receiver thus not immediately appealable under § 1292(a)(2)).

Next, the Trial Order and Judgment do not qualify for appeal as a partial judgment under Rule 54(b). Nowhere did the Court "expressly determine" that there is "no just reason for delay." Fed. R. Civ. P. 54(b). And even if it had, it is unclear that these circumstances could satisfy Rule 54(b). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the likelihood that the same issues would be presented in appeals of the Trial Order and of any later order on the unresolved claims against the Bifurcated Defendants undermines the federal policy against piecemeal appeals and weighs against a Rule 54(b) certification. *See id.*

Finally, the Court did not identify in its Trial Order or the Judgment any "controlling

6

question of law as to which there is substantial ground for difference of opinion" and find that an "immediate appeal from the order may materially advance the ultimate termination of the litigation," so the Trial Order is not immediately appealable under 28 U.S.C. § 1292(b).

In sum, there has yet to be an "order from which an appeal lies," and thus there is no basis for entry of judgment. Fed. R. Civ. P. 54(a). For that reason, the Clerk's entry of the Judgment was a "clerical mistake or a mistake arising from oversight or omission" that warrants vacating it. The Judgment's entry does not authorize an appeal or execution because there has been no true final judgment; it is without legal effect. *See Borntrager v. Central States, Se. & Sw. Areas Pension Fund*, 425 F.3d 1087, 1091 (8th Cir. 2005) ("The Clerk's entry of a Rule 58 judgment does not alter the interlocutory nature of the remand order.").

But it is not without *all* effect; it has practical effects. Specifically, it has caused confusion and mischief, as Jet Midwest International has demanded payment of the "Judgment," threatened collection actions, and sought to use it in an international arbitration involving JMG. Vacating the Judgment would clarify matters and prevent further harm and confusion.

Alternatively, to the extent the Court intended the Trial Order to be one "from which an appeal lies" and thus a "judgment" under Rule 54(a), the Court should alter or amend the judgment under Rule 59(e) to include express Rule 54(b) findings, formally appoint a receiver, or otherwise make the order one from which an appeal will actually lie. And if it does that, it should stay all efforts to execute on the Judgment while on appeal, for the reasons given in the Ohadi/Woolley Defendants' Motion to Vacate the Judgment.

## CONCLUSION

The Court has not yet "disassociate[d] itself from" this case. *Gelboim*, 574 U.S. at 408. There is yet more to do, including formally appointing a receiver, fixing damages in the first trial, and

7

conducting the second trial of the claims against the Bifurcated Defendants, among perhaps other tasks. So there is no final, immediately appealable decision. Nor is there an appealable interlocutory order. Without an order from which an appeal lies, there can be no entry of a "judgment," and the Clerk's Judgment was entered by clerical mistake or a mistake arising from oversight or omission. The Court should thus vacate the Judgment or alter it to make it immediately appealable, if that was the Court's intention.

Date: June 23, 2020

Respectfully submitted,

POLSINELLI PC

By: */s/ Bradley R. Gardner*
BRADLEY R. GARDNER (MO #KS-000772)
JAMES P. MARTIN (MO #50170)
KELSEY E. HODGDON (MO #70994)
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
bgardner@polsinelli.com
jmartin@polsinelli.com
khodgdon@polsinelli.com

ATTORNEYS FOR DEFENDANT
JET MIDWEST GROUP, LLC

## CERTIFICATE OF SERVICE

I, Bradley R. Gardner, hereby certify that on the 23rd day of June, 2020, a true and correct copy of the foregoing *Suggestions in Support of Jet Midwest Group, LLC's Motion Under Rule 60 to Vacate the Judgment or, Alternatively, Under Rule 59 to Alter or Amend* was filed with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to the following counsel of record:

Carol Lee
Eric B. Epstein
Michelle K. Ng
Geoffrey Sant
Brian Beckerman
Daryl Lian Kleiman
Leo T. Crowley
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
carol.lee@pillsburylaw.com
eric.epstein@pillsburylaw.com
michelle.ng@pillsburylaw.com
geoffrey.sant@pillsburylaw.com
brian.beckerman@pillsburylaw.com
daryl.kleiman@pillsburylaw.com
leo.crowley@pillsburylaw.com

Carrie Phillips
Kirk T. May
German May, PC
1201 Walnut St., 20th Floor
Kansas City, MO 64106
carriep@germanmay.com
kirkm@germanmay.com

*Attorneys for Plaintiff*

Adam J. Gasper
McDowell, Rice, Smith & Buchanan
605 W. 47th Street, Suite 350
Kansas City, MO 64112
agasper@mcdowellrice.com

*Attorneys for Defendants Paul Kraus, Karen Kraus, and Jet Midwest, Inc.*

Erika Pike Turner
Gerald M. Gordon
Garman Turner Gordon LLP – Las Vegas
650 White Drive, Suite 100
Las Vegas, NV 89119
eturner@gtg.legal
ggordon@gtg.legal

Scott J. Goldstein
Kersten Holzhueter
Mark A. Thornhill
Spencer Fane LLP-KCMO
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
sgoldstein@spencerfane.com
kholzhueter@spencerfane.com
mthornhill@spencerfane.com

Teresa M. Pilatowicz
2415 E. Camelback Road, Suite 700
Phoenix, AZ 85016
tpiltowicz@gtg.legal

*Attorneys for F. Paul Ohadi,
F. Paul Ohadi Trust
and Kenneth M. Woolley*

Clint S. Morse
Brooks Pierce McLendon
230 N. Elm Street, Suite 2000
Greensboro, NC 27401
cmorse@brookspierce.com

Jill D. Olsen
The Olsen Law Firm, LLC
118 N. Conistor Lane, Suite B #290
Liberty, MO 64068
jill@olsenlawkc.com

*Attorneys for PMC Aviation 2012-1, LLC*

                                                   */s/ Bradley R. Gardner*